**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KRISTINE ANN BISTLINE, | No.    20-56323 |
| Plaintiff-Appellant, | D.C. No.<br>2:18-cv-08995-MWF-PLA |
| v. | |
| DITECH FINANCIAL LLC, FKA Green Tree Servicing LLC, doing business in the state of California; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted May 10, 2022
Pasadena, California

Before:  WATFORD and FRIEDLAND, Circuit Judges, and ROBRENO,[**] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Petitioner Kristine Bistline appeals the district court's grant of summary judgment with respect to her claim for wrongful foreclosure against Respondent Federal Home Loan Mortgage Corporation ("Freddie Mac").

In April 2007, Bistline entered into a fixed rate mortgage loan (the "Loan"), which was secured by a deed of trust for Bistline's residence in Lancaster, California (the "Property"). Freddie Mac has owned the Loan since May 25, 2007 and Ditech Financial LLC ("Ditech") has serviced the Loan since June 16, 2015. On March 4, 2016, Bistline became delinquent on the Loan and a Notice of Default was recorded against the Property by Ditech's foreclosure trustee. The Notice of Default reflected that a foreclosure sale for the Property was scheduled for August 30, 2016. Though the foreclosure trustee reported that the foreclosure sale had been completed, a Trustee's Deed Upon Sale was not signed or recorded against the Property. On November 30, 2016, Ditech, with the approval of Freddie Mac, formally rescinded the foreclosure sale.

Bistline brought an action asserting several claims against Freddie Mac and Ditech alleging that it was wrongful for Freddie Mac and Ditech to move forward with the 2016 foreclosure sale against the Property. Freddie Mac moved for summary judgment, and the district court granted Freddie Mac's motion with respect to Bistline's wrongful foreclosure claim. The district court held that Bistline "has not stated any damages she has *in fact* suffered" and so Bistline

"cannot prove her wrongful foreclosure claim as a matter of law." *Bistline v.*

*Ditech Financial LLC*, No. 18-cv-8995, 2019 WL 8064030, at *5 (C.D. Cal. Dec.

16, 2019) (emphasis in original). The district court explained that "considering that

Freddie Mac contends, and [Bistline] does not rebut, that she currently has

possession of, owns, and lives in the [Property]," Bistline has not provided

evidence that she suffered damages. *Id.* The district court noted that though

Bistline referenced several forms of damages one may suffer as a result of

wrongful foreclosure in her complaint and response to Freddie Mac's motion for

summary judgment, including damages to credit, infliction of emotional distress,

and punitive damages, Bistline did "not argue that ***she*** has in fact suffered any of

those damages here." *Id.* (emphasis in original). Bistline filed a timely Notice of

Appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the appeal of

a summary judgment ruling de novo, applying "the same standard used by the trial

court under Federal Rule of Civil Procedure 56(c)." *Fontana v. Haskin*, 262 F.3d

871, 876 (9th Cir. 2001). Under Rule 56, summary judgment is appropriate when

"the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[I]n

ruling on a motion for summary judgment, '[t]he evidence of the nonmovant is to

be believed, and all justifiable inferences are to be drawn in his favor.'" *Tolan v.*

*Cotton*, 572 U.S. 650, 651 (2014) (per curiam) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

Bistline contends that the district court erred in holding that Freddie Mac met its burden of production with respect to Bistline's wrongful foreclosure claim.

When a party without the burden of persuasion at trial moves for summary judgment, the party must either "produce evidence negating an essential element of the nonmoving party's claim or defense *or* show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.,* 210 F.3d 1099, 1102 (9th Cir. 2000) (emphasis added). Bistline explains that Freddie Mac only provided evidence negating Bistline's claim for economic damages and argues that because Freddie Mac did not provide evidence negating Bistline's claim for damages arising from emotional distress, Freddie Mac did not meet its burden of production and Bistline should not have been required to produce evidence that she suffered emotional harm.

In its underlying motion for summary judgment, Freddie Mac argued that Bistline did not suffer damages because Bistline remained in possession of her home. Freddie Mac pointed to evidence showing that the foreclosure sale had been rescinded, Freddie Mac did not take any other action to obtain the Property, there

was no pending foreclosure sale against the Property, and Bistline engaged in loss mitigation efforts to be evaluated for a potential loan modification.

Considering that this case revolves around whether Bistline was injured as a result of an alleged foreclosure sale, for which she suffered no economic damages, and considering that the record shows that Bistline's only reference to emotional distress damages consists of a two-word allegation in her forty-page amended complaint, Am. Compl. ¶ 181, we conclude that, under these circumstances, Freddie Mac met its burden of production. Thus, we conclude that the burden shifted to Bistline to produce evidence that she in fact suffered damages here. Because Bistline failed to produce any evidence that she suffered damages, evidence which was solely in her possession, we will affirm the district court's judgment.

**AFFIRMED.**